IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, *on behalf of himself and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>Defendant | Civil Action No.<br><br>FLSA COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

1.

Named Plaintiff Eduardo A. Saenz brings this action, on behalf of himself and all others similarly situated, to obtain full and complete relief for Defendant's failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

**JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were

1

committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Named Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant is a corporation with a principal office address at 500 Old Dominion Way, Thomasville, North Carolina 27360.

6.

Defendant conducts business throughout the United States, including within the Atlanta Division in Georgia, and the issues that gave rise to this action occurred throughout the United States, including within the Atlanta Division.

7.

Defendant may be served with process by delivering a copy of the summons and Complaint to its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, GA 30046.

8.

Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

9.

At all relevant times, Defendant was an enterprise engaged in interstate commerce.

10.

Defendant ordered machinery, equipment, goods or materials from out of state, and employed two or more employees who drove across state lines or who worked on or handled materials that have been moved through interstate commerce.

11.

Defendant is a less-than-truckload ("LTL") national freight and global transportation company. See Defendant's website at www.odfl.com.

12.

As of December 31, 2017, Defendant had more than 18,000 employees and operated approximately 228 service centers across the United States, including (but not limited to) centers in California, Florida, Georgia, Illinois, Indiana, Louisiana, Memphis, North Carolina, Pennsylvania, Tennessee, Texas, and Utah. See Defendant's 2017 10-K report, available on Defendant's website at www.odfl.com.

13.

At all relevant times, Defendant had at least $500,000.00 in annual gross volume of sales made or business done.

14.

Defendant is a publicly traded company with total annual revenues exceeding three (3) billion dollars in 2017. See Defendant's 2017 10-K report, available on Defendant's website at www.odfl.com.

15.

At all relevant times, Defendant acted as an "employer" as defined by the FLSA with respect to Named Plaintiff and all others similarly situated. Defendant determined the terms of conditions of their employment, including (but not limited to) their employment status, compensation, work hours, benefits, non-exempt/exempt classification, etc.

16.

At all relevant times, Named Plaintiff and all others similarly situated were Defendant's "employees" as defined by the FLSA.

17.

At all relevant times, Named Plaintiff and all others similarly situated performed non-exempt work.

18.

Named Plaintiff and all others similarly situated operated tractors to move trailers to designated loading/unloading sites within Defendant's yard.

19.

Named Plaintiff and all others similarly situated were typically referred to as "switchers" or "yard switchers."[1]

20.

Named Plaintiff and all others similarly situated did not drive trucks or move the trailers on public roads.

21.

Named Plaintiff and all others similarly situated did not load or unload trailers.

22.

Named Plaintiff and all others similarly situated worked more than forty (40) hours in a week.

23.

Named Plaintiff and all others similarly situated were paid hourly.

24.

Named Plaintiff and all others similarly situated were paid straight time (i.e., their regular hourly rates) when they worked over forty (40) hours in a week.

25.

Named Plaintiff and all others similarly situated were not paid overtime (i.e., time and one-half their regular hourly rates) for all hours worked over 40 in a week.

---

[1] A "switcher" or "yard switcher" is also referred to as a "hostler" or "yard jockey" within the trucking industry.

26.

Named Plaintiff and all others similarly situated have worked for Defendant during the three years preceding the filing of this action and/or currently work for Defendant.

27.

Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A true and correct copy of Named Plaintiff's signed consent form is attached hereto as Exhibit "A."

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

28.

Named Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

29.

Named Plaintiff and the similarly situated individuals are persons who: (1) currently work or have worked for Defendant on or after the date that is three years preceding the filing of this Complaint; (2) were given job titles such as, but not limited to, "switchers" or "yard switchers"; (3) were primarily engaged in moving trailers to designated loading/unloading sites within the yard; (4) were paid on an hourly basis; (5) worked more than 40 hours in a week; and (6) were not paid time

and one-half their regular hourly rates of pay for all hours worked over 40 in a week (the "Collective Class").

30.

At all relevant times, Named Plaintiff and the Collective Class have had substantially similar job duties and have been subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime for all hours worked over 40 in a week.

31.

At all relevant times, Named Plaintiff and the Collective Class worked more than 40 hours in a week.

32.

At all relevant times, Named Plaintiff and the Collective Class were not paid time and one-half their regular hourly rates of pay for all hours worked over 40 in a week.

33.

When several members of the Collective Class complained to management about Defendant's failure to pay overtime, management responded by blaming the "corporate office" and stating "that's just how it is."

34.

The Collective Class is so numerous that joinder of all members is impracticable.

35.

Defendant employs hundreds of people who work in the capacity of a "switcher" or "yard switcher."

36.

There are questions of law or fact common to the Collective Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.

The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the Collective Class.

38.

The Named Plaintiff will fairly and adequately protect the interests of the Collective Class.

## **COUNT ONE**
**Failure to Pay Overtime Under the FLSA**

39.

Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 38 of this Complaint as if fully set forth herein.

40.

Named Plaintiff and the Collective Class were typically referred to as "switchers" or "yard switchers."

41.

Named Plaintiff and the Collective Class performed non-exempt work.

42.

Named Plaintiff and the Collective Class operated tractors to move trailers to designated loading/unloading sites on Defendant's premises.

43.

Named Plaintiff and the Collective Class did not drive trucks or move trailers on public roads.

44.

Named Plaintiff and the Collective Class did not load and unload trailers.

45.

Named Plaintiff and the Collective Class were paid on an hourly basis.

46.

Defendant suffered and permitted Named Plaintiff and the Collective Class to work more than 40 hours in a week.

47.

During the three years preceding the filing of this Complaint, Defendant violated the FLSA by failing to pay Named Plaintiff and the Collective Class

overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

48.

During the three years preceding the filing of this Complaint, Defendant operated under a decision, policy and plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay Named Plaintiff and the Collective Class overtime for all hours worked over 40 in a week.

49.

Named Plaintiff and the Collective Class complained about Defendant's failure to pay them overtime for all hours worked over 40 in a week.

50.

Defendant willfully disregarded its obligation under the FLSA to pay overtime to Named Plaintiff and the Collective Class.

51.

As the direct and proximate result of Defendant's refusal to pay overtime, Named Plaintiff and the Collective Class have suffered harm, including, but not limited to, lost wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, on behalf of himself and all others similarly situated, pray for the following relief as against Defendant:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiff as the Representative of the FLSA Collective Class;

C. A judgment in favor of Named Plaintiff and all others similarly situated for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216;

D. Judgment against Defendant that Defendant's violations were willful; and

E. Such other and further relief as this Court may deem just and proper.

Date: October 11, 2018

        Respectfully submitted,

        SMITH LAW, LLC

By: /s/Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
louise@smithlaw-llc.com
William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
*Attorneys for Named Plaintiff and the Collective Class*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Named Plaintiff, on behalf of himself and others similarly situated, demands a trial by jury.

                          By:    /s/Louise N. Smith
                                   Louise N. Smith
                                   Georgia Bar No. 131876
                                   louise@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Named Plaintiff hereby certifies that the within and foregoing COLLECTIVE ACTION COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 11th day of October 2018.

                                         By:   /s/Louise N. Smith
                                                    Louise N. Smith
                                                    Georgia Bar No. 131876
                                                    louise@smithlaw-llc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing COLLECTIVE ACTION COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 11th day of October 2018.

                                               By:   /s/Louise N. Smith
                                                           Louise N. Smith
                                                           Georgia Bar No. 131876
                                                           louise@smithlaw-llc.com