# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself And all others similarly situated, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case No. 1:18-cv-04718-TCB ) |
| OLD DOMINION FREIGHT LINE, INC., | ) ) ) ) |
| Defendant | ) |

## DEFENDANT'S MOTION FOR DENIAL OF PLAINTIFF'S CONDITIONAL CERTIFICATION MOTION AS PREMATURE AND MOOT

COMES NOW Defendant Old Dominion Freight Line, Inc., and moves this Court to Deny Plaintiff's Conditional Collective Action Certification Motion As Premature and Moot. Defendant shows this Court the following in support.

This is a putative collective action filed under section 16(b) of the Fair Labor Standards Act. Because this is FLSA litigation, it is governed by this Court's Order in Actions Brought under the Fair Labor Standards Act ("Order"), entered on October 17, 2018. (Dkt. No. 7.) Plaintiff filed his Complaint (Dkt. No. 1) on October 11, 2018, and was presumably unaware that the Order would govern his case. On the same day that Plaintiff filed his Complaint, he filed Named Plaintiff's

Motion For Conditional Certification And Issuance Of Notice To All Collective Class Members And Supporting Brief.  (Dkt. No. 4.)

Plaintiff served his Complaint on October 16, 2018.  (Dkt. No. 5.)  On October 26, 2018, after Defendant advised Plaintiff -- through counsel -- of the Order and the fact that his original Complaint did not comply with certain of the Order's requirements, Plaintiff filed his First Amended Complaint.  (Dkt. No. 8, Am. Compl.)  The Amended Complaint contains new paragraphs that are presumably intended to add new allegations that Plaintiff believes would fulfill the Order's requirements and avoid this Court's dismissal of his case.[1]  (*Id.*)  Plaintiff added new paragraphs concerning his own claims as well as concerning claims made on behalf of unidentified putative collective action members.  He materially altered the original Complaint in his attempt to comply with this Court's Order.

### A.   This Court's Order Provides A Paradigm for FLSA Litigation According to Which Plaintiff's Conditional Collective Action Certification Is Premature

Prior to filing this motion, Defendant's counsel advised Plaintiff's counsel that Defendant believes Plaintiff's Conditional Collective Action Certification Motion is premature, especially because it predated this Court's Order that

---

[1] Paragraphs 24, 25, 50, and 52-60 of Plaintiff's Amended Complaint are either substantively revised or entirely new.

necessitated the material amendment of Plaintiff's Complaint.  Setting aside that Plaintiff's conditional certification motion would have been premature even if this Court had not entered its Order, it is premature, regardless, because of the Order and because Plaintiff filed an Amended Complaint in an effort to comply with it.

Defendant need not argue here that a motion for conditional certification is premature when it is filed with a complaint or before a defendant has responded to that complaint.  Although there are reasons sounding in equity, judicial efficiency and economy, and general fairness that make such an early filing improper, this Court need not consider such abstract principles to grant Defendant's motion.  Instead, this Court need look no further than its own Order.

To help it with case management and "to foster early and cost-effective resolution," this Court's Order requires that the parties engage in certain activity before litigation under the FLSA progresses too far.  Among other things, and in addition to requirements governing what a plaintiff's complaint must contain, the Court's Order requires that a plaintiff make a statement of claim, to which a defendant must provide a response.  Indeed, this Court's Order requires that a statement of a claim be submitted by "<u>each</u>" plaintiff. (Dkt. No. 7, ¶ 1.)  Defendant does not presume to know whether this Court intends for that requirement to apply to opt-in plaintiffs, as well.  Defendant anticipates that a cautious plaintiff might

assume that it does, as this Court's Order provides that the "[f]ailure to comply with any of [its] procedures may result in the imposition of appropriate sanctions, including but not limited to, the dismissal of this action or entry of default." (*Id.* ¶ 5.) Of course, such an approach could reveal very quickly the impropriety of the very collective action certification that Plaintiff longs to secure in this case.

In any event, Plaintiff has not submitted his own statement of claim. He has not, in fact, served his Amended Complaint as of the date of this filing, which would trigger the 21-day deadline for him to submit that statement. Granted, this motion is Defendant's first appearance; and a plaintiff need not do anything in this regard until the defendant has appeared. (*Id.* ¶ 1.d.) All of this, however, makes clear that this case has not progressed far under the paradigm that this Court's Order establishes; and several things must happen to fulfill this Court's stated objectives for issuing its Order to the parties. It is far too early for Plaintiff's Conditional Collective Action Certification Motion. If Plaintiff will not withdraw that motion, this Court should deny it for its prematurity.

### B.   Plaintiff's Amended Complaint Moots His Conditional Collective Action Certification Motion

Even if the paradigm of this Court's Order did not, by itself, make it too soon in this case for Plaintiff to have filed his Conditional Collective Action Certification Motion, the Order's effect on Plaintiff's original Complaint is as fatal to his motion as the motion's prematurity.  It is no surprise that Plaintiff's conditional certification motion relies upon and integrates by reference various allegations contained in his original Complaint.  Now that the Complaint is no longer the underlying complaint, the motion has been made obsolete.  His revisions to and additions contained within the Amended Complaint have, among other things, made Plaintiff's citations to paragraphs within the original Complaint nonsensical.  Further, those changes and additions have materially altered allegations and averments pertaining not only to Plaintiff but to alleged (yet unidentified) potential members of the putative collective class that he seeks to represent.[2]   Plaintiff has amended around his conditional certification motion.

---

[2] Defendant has not yet determined whether it will move to dismiss some or all of the Amended Complaint after Plaintiff serves it.  In *Campbell v. High Tech Rail and Fence, LLC, et al.*, this Court granted a defendant's motion to stay or extend the deadline for response to the plaintiff's conditional certification motion which was filed nearly *three months* after the plaintiff filed his original complaint, which he twice amended.  No. 3:18-cv-00004-TCB (N.D. Ga. May 10, 2018) (Order Attached as Exhibit 1).

This is not a novel scenario. When a plaintiff amends his complaint after filing a motion for conditional collective action certification, his motion should be denied without prejudice because the amended complaint moots it. *See e.g.*, *In re Amazon Fulfillment Ctr. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, No. 14-MD-2504 WL 3695750, at *1 (N.D. Ohio Apr. 26, 2013) (noting that plaintiffs in one constitutive case in multidistrict litigation "repeatedly mooted their conditional certification motion [by] amend[ing] the complaint prior to any court determination"); *Lytle v. Lowes Home Ctrs., Inc.*, No. 8:12-cv-1848, 2014 WL 103463, at *6 (M.D. Fla. Jan. 10, 2014) ("Based upon the filing of [Plaintiffs'] Second Amended Complaint, the Court denied as moot [Plaintiffs] Motion for Conditional Certification in order to promote accuracy of filings and clarity of the record.") (internal quotation marks omitted); *see also Lawrence v. Maxim Healthcare Servs., Inc.*, No. 1:12CV2600, 2013 WL 12178607, at *1 (N.D. Ohio Apr. 26, 2013) (denying as moot motion for conditional certification filed prior to amended complaint).

Defendant asked Plaintiff to withdraw his Motion for Conditional Collective Action Certification because it was premature and because this Court's Order would require his Complaint to be amended. Perplexingly, Plaintiff refused to do so, even when it would have caused him no harm at all. Instead he compelled Defendant to

6

engage in its own motions practice to request relief from his premature and soon to be mooted conditional certification motion. At least, this Court should deny Plaintiff's Motion for Conditional Collective Action Certification Motion as moot.

Defendant moves this Court to take one step more. Defendant requests that Plaintiff be instructed that he may not file a conditional certification motion until he has complied in good faith with this Court's Order. While it would argue that Plaintiff has chosen not to comply with that Order (or with its spirit, at least), Defendant notes that the Order sets forth new procedures for litigating FLSA cases and does not move the Court to sanction Plaintiff for his failure to comply with it.

Should this Court deny the relief that Defendant requests, then Defendant asks respectfully that it be given twenty days following its deadline for response to Plaintiff's yet unserved Amended Complaint to respond, as well, to Plaintiff's Motion for Conditional Collective Action Certification.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, NDGa., Ryerson certifies that this memorandum of law has been prepared in Times New Roman 14-point, one of the fonts approved in LR 5.1C, NDGa.

> Respectfully submitted,
>
> OLD DOMINION FREIGHT LINE, INC.
>
>
> By: /s/ *Brett C. Bartlett*
>     Brett C. Bartlett
>     Georgia Bar No. 040510
>     SEYFARTH SHAW LLP
>     1075 Peachtree Street, N.E.
>     Suite 2500
>     Atlanta, Georgia  30309-3958
>     Telephone: (404) 885-1500
>     Facsimile:  (404) 892-7056
>     E-mail:  bbartlett@seyfarth.com
>
> Counsel for Defendant

Date:  October 30, 2018

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself And all others similarly situated, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case No. 1:18-cv-04718-TCB ) |
| OLD DOMINION FREIGHT LINE, INC., | ) ) ) |
| Defendant | ) |

## CERTIFICATE OF SERVICE

I certify that on October 30, 2018, I filed DEFENDANT'S MOTION FOR DENIAL OF PLAINTIFF'S CONDITIONAL CERTIFICATION MOTION AS PREMATURE AND MOOT with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorneys of record:

Louise N. Smith
William Julian Smith, III
Smith Law, LLC
3611 Braselton Highway, Suite 202
Dacula, Georgia 30019

/s/ *Brett C. Bartlett*
Brett C. Bartlett
Counsel for Defendant