# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself And all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Case No. 1:18-cv-04718-TCB<br>) |
| OLD DOMINION FREIGHT LINE, INC., | )<br>)<br>) |
| Defendant | ) |

## DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, by its counsel and pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and Local Rule 7.1, respectfully requests that the Court dismiss from Plaintiff's Amended Complaint those portions of Count I that include allegations that Defendant willfully violated the Fair Labor Standards Act ("FLSA") because Plaintiff failed to properly plead a willful violation.[1]

---

[1] A partial motion to dismiss tolls a defendant's deadline for response to a plaintiff's complaint in this court. *See Cuyler v. Kroger Co.,* No. 1:14-cv-1287-WBH-AJB, 2014 U.S. Dist. LEXIS 190234, at * 15 (N.D. Ga. Oct. 2, 2014).

## I. INTRODUCTION

Plaintiff filed his Amended Complaint on October 26, 2018. (Dkt. No. 8, Amended Complaint.) In his Amended Complaint, which is nearly identical to his Original Complaint (Dkt. No. 1, Original Complaint), Plaintiff claims that Defendant violated the FLSA by failing to pay him and alleged similarly situated "switchers" or "yard switchers" overtime pay at a rate of 1.5 times their regular rate for all hours worked over 40 in a workweek. (Dkt. No. 8, Am. Compl. ¶¶ 29, and 32.)

Plaintiff's proposed collective action class would comprise Named Plaintiff and allegedly similarly situated individuals who "currently work or have worked for Defendant on or after the date that is three years preceding the filing of this action on October 11, 2018." (Dkt. No. 8, Am. Compl. ¶ 29.) A proposed collective action class that extends three years back would be premised on a willful violation of the FLSA; however, Plaintiff failed to plead a willful violation.

Plaintiff's sole allegation that Defendant acted willfully is the lonely legal conclusion that "Defendant willfully disregarded its obligation under the FLSA to pay Named Plaintiff and the Collective Class overtime for all hours worked over 40 in a week." (Dkt. No. 8, Am. Compl. ¶ 50.) Plaintiff's Amended Complaint is devoid of even a single fact or other ground that might, if believed to be true,

support this conclusion.

This Court should partially dismiss Plaintiff's Amended Complaint because it does not meet the minimum standards required to state a claim under Rule 12(b)(6). Plaintiff's Amended Complaint is absent of factual support to justify his conclusion that Defendant willfully violated the FLSA. His lone allegation regarding willfulness—namely, that "Defendants willfully disregarded its obligation under the FLSA"—is precisely the type of conclusory allegation that courts across the country have deemed insufficient to support a willfulness claim. Because Plaintiff's conclusory willfulness claim is unsupported by factual allegations, this Court should dismiss Plaintiff's allegations of willfulness.

## II. ARGUMENT

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's Amended Complaint must (i) assert a plausible claim, and (ii) set forth sufficient *factual* allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). "[L]abels and conclusions or formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. To that end, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Iqbal*, 129 S. Ct. at 1949; *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (holding that district courts must "eliminate any allegations in the complaint that are merely legal conclusions"). Ultimately, in deciding a 12(b)(6) motion, a court must determine whether a complaint's factual allegations amount to a claim that is merely conceivable, or whether they are sufficient to support a claim that is actually plausible. *Iqbal,* 129 S. Ct. at 1949-51.

Because Plaintiff's Amended Complaint does not contain a single fact that would support a claim that Defendant willfully violated the FLSA, it cannot be true that Plaintiff's conclusion that it did is sufficient to survive dismissal under this standard.  This Court can and should dismiss Plaintiff's allegations that Defendant willfully violated the FLSA.

### B.     Plaintiff Fails to Sufficiently Plead a Willful Violation

In an attempt to expand the FLSA's standard two-year limitations period to the three-year period reserved for willful violations of the Act, Plaintiff purports to assert a "willful" violation. *See* 29 U.S.C. § 255(a). His claim of willfulness, however, is devoid of any factual support and is due to be dismissed. *See Hernandez v. Anderson*, No. 5:14-cv-577-Oc-39PRL, 2015 WL 3514483, at \*6 (M.D. Fla. June 4, 2015) ("Courts in the Eleventh Circuit require some factual allegation from which they could infer that a defendant's alleged failure to pay was

4

willful.").

To invoke a three-year statute of limitations, it is ***Plaintiff's burden*** to show not only that Defendant violated the FLSA, but that it did so willfully. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008). To meet his burden of establishing willfulness, ***Plaintiff must allege*** substantive factual allegations to support a plausible inference that Defendant "knew or showed reckless disregard for the matter of whether [its] conduct was prohibited by the [Act]…." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1280 (11th Cir. 2008) (citing *McLaughlin*, 486 U.S. at 133); *see also Twombly*, 550 U.S. at 556-57 (confirming that a plaintiff must present "enough facts to state a claim [for] relief that is plausible on its face"); *Stewart v. Sterling Tech. Sols., LLC*, No. 6:10-cv-620-Orl-28DAB, 2012 WL 2680798, at *4 (M.D. Fla. June 12, 2012), rpt. & rec. adopted, 2012 WL 2680548 (M.D. Fla. 2012) (finding complaint contained "no factual allegation (as opposed to mere conclusion) from which the Court could draw the inference that the alleged failure to pay minimum wage was willful"); *St. Croix v. Genentech, Inc.*, No. 8:12-cv-891-T-33EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (dismissing FLSA overtime claim where plaintiff offered "scant facts" to support its claim, including allegation that the defendant's

actions were "intentional and willful").

Plaintiff's Amended Complaint advances nary a single factual allegation to support a willful violation of the FLSA. Plaintiff's sole reference to allegedly "willful" conduct is his conclusory statement in paragraph 50 of his Amended Complaint, far from the alleged factual averments that undergird the other merits claims that he pursues.  (Dkt. No. 8, Am. Compl. ¶ 50.) Such an allegation can only be described as the type of "unadorned" legal conclusion that has been weighed, measured, and found insufficient by the Supreme Court. *Iqbal*, 556 U.S. at 678 ("Rule 8…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (reiterating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  And, as it fails to specify when Defendant might have employed him, so too Plaintiff's Amended Complaint fails to specify *when* during his employment the alleged "willful" conduct occurred. He thus leaves open the possibility that the alleged violations fall well outside of the applicable statute of limitations. This Court needs not force Defendant to guess whether this is the case.

The U.S. District Court of Arizona's application of the Supreme Court's pleading standards in *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. 2010) is instructive. There, the court explained:

> Defendant…argues that Plaintiff failed to plausibly allege that [Defendant] acted "willfully," so as to extend the statute of limitations under the FLSA from two to three years. Defendant notes that in *Iqbal,* the Supreme Court specifically held that conclusory allegations of willfulness are insufficient, yet here, Plaintiff has simply stated without elaboration that Defendant "intentionally, willfully, and repeatedly" violated the FLSA… ***Accordingly, the Court must conclude that under even the most narrow and restrictive reading of Twombly and Iqbal, Plaintiff has failed to state a plausible claim that Defendant acted with a mental state reflecting willfulness***.

*Id.* at 921-22 (internal citations omitted; emphasis added); *see also Day An Zhang v. L.G. Apparel Inc.*, No. 09-CV-3240 (KAM), 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011), rpt. & rec. adopted, 2011 WL 900950 (E.D.N.Y. 2011) ("[P]laintiff alleges that defendants 'knowingly and willfully' violated the FLSA…Plaintiff does not allege any facts to support her conclusory assertions and they are therefore insufficient to establish that defendants acted willfully so as to extend the limitations period…to three years.").

This Court should also find *Katoula v. Detroit Entm't LLC* to be persuasive. In *Katoula*, the Sixth Circuit affirmed dismissal of an amended complaint, which, like here, did not contain facts that presented a plausible claim that the defendant in that case acted willfully. 557 F. App'x 496, 499 (6th Cir. 2014). Rather, the amended complaint merely made assertions such as the defendant "recklessly and willfully fail[ed] to investigate the [p]laintiff's reason for missing work," and the defendant's "illegal actions, as indicated above, were willful, intentional and

malicious and were in reckless indifference to the [p]laintiff's federally protected rights under the FMLA." In affirming dismissal, the Sixth Circuit explained that "after the Supreme Court's decisions in *Iqbal* and *Twombly*, a plaintiff must do more than make the conclusory assertion that a defendant acted willfully." *Id.* at 498; *see also Bautista v. El Coyote Mex. Rest., Inc*., No. CV-14-S-458-NE, 2014 WL 2465327, (N.D. Ala. May 30, 2014) (applying a two year statute of limitations period to an FLSA claim because simply including "various forms of the word 'willful'" in a complaint is insufficient for a plaintiff to satisfy its burden to plead willfulness so as to apply a three year statute of limitations period). Compared to *Katoula*, where the plaintiff at least tried to justify the asserted willfulness claims by averring alleged facts to support them, Plaintiff in the instant case asserts not a single one. This Court should dismiss Plaintiff's unsupported claim that Defendant willfully violated the law.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order granting the instant motion and dismissing Plaintiff's willfulness allegations in Count I of his Amended Complaint. Should this Court dismiss any of the claims or allegations without prejudice and with leave to re-plead, Defendant requests that any future dismissal of the same claims be with prejudice.

## **CERTIFICATE OF FONT SIZE**

Pursuant to Local Rule 7.1(D), Defendant's counsel certifies that this motion has been prepared in Time New Roman 14-point font, one of the fonts approved in Local Rule 5.1(B). Respectfully submitted,

                                        OLD DOMINION FREIGHT LINE, INC.

                                        By: /s/ *Brett C. Bartlett*
                                            Brett C. Bartlett
                                            Georgia Bar No. 040510
                                            SEYFARTH SHAW LLP
                                            1075 Peachtree Street, N.E.
                                            Suite 2500
                                            Atlanta, Georgia  30309-3958
                                            Telephone: (404) 885-1500
                                            Facsimile:  (404) 892-7056
                                            E-mail:  bbartlett@seyfarth.com

                                            Counsel for Defendant

Date:  November 15, 2018

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself And all others similarly situated,<br><br>        Plaintiff<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:18-cv-04718-TCB<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I certify that on November 15, 2018, I filed DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorneys of record:

Louise N. Smith
William Julian Smith, III
Smith Law, LLC
3611 Braselton Highway, Suite 202
Dacula, Georgia 30019

/s/ *Brett C. Bartlett*
Brett C. Bartlett
Counsel for Defendant

51922975v.2