IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDUARDO A. SAENZ, *on behalf of himself and all others similarly situated,*

Plaintiffs,

v.

OLD DOMINION FREIGHT LINE, INC.,

Defendant.

Civil Action No.1:18-CV-04718-TCB

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2 ND Ga., the parties submit their Amended Joint Preliminary Report and Discovery Plan and state the following:

**1.    Description of Case**

**(a)    Describe briefly the nature of this action:**

This is a putative collective action to recover unpaid overtime wages. It is brought on behalf of all individuals who (1) worked for Defendant Old Dominion Freight Line, Inc. ("Old Dominion") at any time during the period between October 11, 2015 and the pendency of this action (the "Relevant Time Period"), (2) were employed in the position of "switcher," "yard switcher," "yard hostler," or "yard

jockey," which Plaintiff alleges were positions engaged primarily in moving trailers to designated loading and unloading sites on Old Dominion's premises, (3) worked more than forty (40) hours in any week during the Relevant Time Period, and (4) were not paid overtime (i.e., time and one-half their regular hourly rate of pay) for all hours worked over 40 in a week.

**Summarize the facts of this case.   The summary should not be argumentative nor recite evidence.**

**<u>Plaintiffs state the facts of this case as follows:</u>**

Old Dominion is a national freight and global transportation company with approximately 228 service centers across the United States, including (but not limited to) centers in California, Florida, Georgia, Illinois, Indiana, Louisiana, Memphis, North Carolina, Pennsylvania, Tennessee, Texas, and Utah.

During his 17-plus-year career at Old Dominion, Named Plaintiff Saenz worked at four service centers, including service centers in Georgia and Illinois. At each location, the "switchers" were not paid overtime for all hours worked over 40 in a week. During the Relevant Time Period, Saenz and the Collective Class worked as "switchers." In that role, Saenz and the Collective Class operated tractors to move trailers to designated loading and unloading sites within Old Dominion's yard. Saenz

and the Collective Class did not operate trucks or tractors on public highways, and they did not load or unload the trailers.

Saenz and the Collective Class are similarly situated in their primary duty (i.e., moving trailers around Old Dominion's service centers) and in their compensation. Saenz and the Collective Class were paid on an hourly basis, were paid straight time for hours worked up to 60 hours in a week, and were not paid overtime for each hour worked over 40 and up to 60 hours in a week. Saenz and the Collective Class were only paid overtime for hours worked over 60 in a week.

Saenz and the Collective Class are also similarly situated with respect to their work hours. Saenz and the Collective Class were scheduled to work more than 40 hours per week. More specifically, Saenz and the Collective Class were scheduled to work 12-hour shifts four or five days per week (at a minimum).

Several members of the Collective Class complained to management about Defendant's failure to pay overtime. Management would respond by blaming the corporate office and stating, "that's just how it is."

**Defendant states the facts of this case as follows:**

Defendant classified Plaintiff lawfully as exempt from the FLSA's overtime pay requirements pursuant to 29 U.S.C. § 213(b)(1), referred to commonly as the Motor Carrier Act exemption.  Plaintiff was involved in the safe transportation of

goods on public roads as they traveled to or from destinations outside of Georgia, where Plaintiff worked.  He performed duties such as safely loading goods on trailers before they departed for out-of-state locations, as well as offloading good in a manner that protected the safe travel of large vehicles on public highways.  While he was, in fact, titled as a "switcher" during the time when Defendant employed him, and while there were other "switchers" working for Defendant at the same time, the nature of Plaintiff's duties and other activities, among other things, make it inappropriate to conclude that Plaintiff was similarly situated to any other employee who worked for Defendant during the relevant time period.  Regardless, Defendant has taken good faith measures to ensure that Plaintiff and other employees have been paid in compliance with all local, state, and federal laws, including the FLSA; and it paid Plaintiff properly under the laws applicable to him.

**The legal issues to be tried are as follows:**

**<u>Plaintiffs' Legal Issues:</u>**

Plaintiffs state that the legal issues to be tried are:

1.    Whether Named Plaintiff and the Collective Class are similarly situated.

2.    Whether Named Plaintiff and the Collective Class were misclassified as exempt.

3.      Whether Named Plaintiff and the collective class are entitled to liquidated damages.

4.      Whether Defendant's violation of the FLSA was willful.

**Defendant's Legal Issues:**

Defendants state that the legal issues to be tried are:

1.      Whether Defendant failed to pay Plaintiff and any putative opt in plaintiffs proper overtime pay as required by the FLSA.

2.      Whether the Court should certify (conditionally or otherwise) a collective action under 29 U.S.C. § 216(b).

3.      The amount of damages, if any, Plaintiff and any putative opt in plaintiffs are entitled to recover.

4.      Whether Plaintiff and the putative opt in plaintiffs are entitled to recover liquidated damages.

5.      The applicable statute of limitations.

6.      Whether Plaintiff is entitled to recover his costs and/or attorney's fees, and, if so, the appropriate amount.

**(b)     The cases listed below (include both style and action number) are:**

  **(1)    Pending Related Cases:** None.

  **(2)    Previously Adjudicated Related Cases:** None.

2.      **This case is complex because it possesses one (1) or more of the features**

**listed below (please check):**

    **_X__(1)      Unusually large number of parties**
    **____ (2)      Unusually large number of claims or defenses**
    **____ (3)      Factual issues are exceptionally complex**
    **____ (4)      Greater than normal volume of evidence**
    **_X__(5)      Extended discovery period is needed**
    **____ (6)      Problems locating or preserving evidence**
    **____ (7)      Pending parallel investigations or action by government**
    **____ (8)      Multiple use of experts**
    **____ (9)      Need for discovery outside United States boundaries**
    **____ (10)     Existence of highly technical issues and proof**

3.      **Counsel**

    **The following individually-named attorneys are hereby designated as**

**lead counsel for the parties:**

    **Plaintiffs:**   Louise N. Smith

    **Defendant:** Brett C. Bartlett

4.      **Jurisdiction**

    Is there any question regarding this court's jurisdiction?

    _____ Yes   __**X**__ No

    **If "yes," please attach a statement, not to exceed one (1) page, explaining**

**the jurisdictional objection.  When there are multiple claims, identify and**

**discuss separately the claim(s) on which the objection is based.  Each objection**

**should be supported by authority.**

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:** None.

**(b)     The following persons are improperly joined as parties:**

Defendants contend: None.

Plaintiffs contend: None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

**(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendment to Pleadings**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.   Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Defendants state: Plaintiff should amend his already amended complaint to allege facts sufficient to support his claim that Defendant willfully violated the FLSA; or, in the alternative, Plaintiff should amend his amended complaint to drop that claim.

Plaintiffs state: The Court may order Named Plaintiff to amend his Complaint in light of Defendant's pending motion to dismiss. Also, pursuant to Paragraph 6(b), *infra*, Plaintiffs reserve the right to move to amend and/or to add parties within 30 days after the Joint Preliminary Report and Discovery Plan is filed or should have been filed. Plaintiffs further reserve the right to move to amend pursuant to FRCP 15 and other applicable law after the date set forth in Paragraph 6(b).

**(b)** **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.** **Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1(D).

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.    **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. None.

9.    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so,

**please state the issues which could be addressed and the position of each party.**

After the Parties engage in the Court-ordered mediation required by Paragraph 3 of the Court's Order in Actions Brought under the Fair Labor Standards Act, Dkt. No. [7] (which the Parties will engage in after the Court rules on Plaintiff's operative motion for conditional certification), the Parties respectfully request a discovery scheduling conference to determine the appropriate length and scope of discovery.

**10.     Discovery Period.**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.   As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.   A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.   The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

1. The factual allegations in the Amended Complaint that is ultimately the controlling complaint in this litigation;

2. The question of whether this case should proceed as a collective action as opposed to an individual action on Plaintiff's behalf alone;

3. Plaintiffs' damages; and

4. Defendant's defenses.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties respectfully request that the Court determine the appropriate length and scope of discovery at a discovery scheduling conference to be had after the Parties engage in their first Court-ordered mediation.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Plaintiffs' position is that this issue cannot be properly addressed until the opt-in period has closed. Therefore, Plaintiffs respectfully requests that the Court address this issue at a forthcoming discovery conference.

Defendant agrees that, if this Court grants conditional certification of a collective action under the FLSA, then it would be most effective and efficient for the Parties to confer and seek the Court's guidance regarding it after the time has passed for putative collective action members to opt into the case. Defendant disagrees, however, with Plaintiff's presumption that this Court will grant conditional certification.

**(b)     Is any party seeking discovery of electronically stored information?**

**        X     Yes _____ No**

**If "yes,"**

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:**

The Parties agree to limit any request and production to information which is reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B). The Parties reserve the right to request additional sources of ESI as may be identified during

discovery and agree to meet and confer concerning any additional information which is requested.

> **(2)** **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have address as follows:**

The Parties will initially produce electronically stored information in PDF format but agree to maintain documents in their native format for production should the need arise. The Parties agree to continue to confer regarding the format for production of electronically stored information as the Parties determine and evaluate the size and scope of production.

Plaintiffs explicitly reserve the right to request documents in their native format and to request metadata.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.**   **Other Orders:**

**What other orders do the parties think that the Court should enter under Rules 26(c) or under Rules 16 (b) and (c).**

The Parties respectfully requests that the Court address this issue at a forthcoming discovery conference. <u>See</u> ¶ 9, *supra*.

**13.** **Settlement Potential:**

**(a)** **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party:**

**Plaintiff:**    <u>*/s/ Louise N. Smith*</u>
Louise N. Smith
Georgia Bar No. 131876

<u>*/s/ William J. Smith*</u>
William J. Smith
Georgia Bar No. 710280

**Defendant:**    <u>*/s/ Brett C. Bartlett*</u>
Brett C. Bartlett
Georgia Bar No. 040510

<u>*/s/ Katherine M. Smallwood*</u>
William J. Smith
Georgia Bar No. 698979

**Other participants:** None.

**(b)**   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(__X__)**   **A possibility of settlement before discovery**

**(_____)**   **A possibility of settlement after discovery**

**(_____)**   **A possibility of settlement, but a conference is needed.**

**(_____)**   **No possibility of settlement.**

**(c)**   **Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)**   **The following specific problems have created a hindrance to settlement of the case:**

The Parties disagree about the propriety of conditional and ultimate certification of this litigation as a collective action under the FLSA. They further disagree about the scope of any such collective that the Court might certify in the event that it does not deny certification altogether. Defendant's view of the Court's FLSA Order is that it could facilitate a settlement on a non-collective action basis.

**14.**   **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)     **The Parties (_____) do consent to having this case tried before a magistrate judge of this court.   A completed Consent to Jurisdiction by a United States Magistrate Judge form will be submitted to the clerk of the court by the ____ day of _____, 2018.**

(b)     **The Parties (__X__) do not consent to having this case tried before a magistrate judge of this court.**

Completed form submitted this 30th day of November, 2018.

/s/ William J. Smith
Louise N. Smith
Georgia Bar No. 131876
louise@smithlaw-llc.com
William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
*Counsel for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615

## FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing document was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 30th day of November 2018.

> /s/ William J. Smith
> William J. Smith
> Georgia Bar No. 710280
> william@smithlaw-llc.com
> *Counsel for Named Plaintiff and the Collective Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2018, I electronically filed with the Clerk of Court the within and foregoing document by using the Court's CM/ECF system, which will automatically send email notification of such filing to Defendant's counsel of record.

> /s/ William J. Smith
> William J. Smith
> Georgia Bar No. 710280
> william@smithlaw-llc.com
> *Counsel for Named Plaintiff and the Collective Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDUARDO A. SAENZ, *on behalf of himself and all others similarly situated,*

Plaintiffs,

v.

OLD DOMINION FREIGHT LINE, INC.,

Defendant.

Civil Action No.1:18-CV-04718-TCB

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE