IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:18-cv-4718-TCB |

# **O R D E R**

This case comes before the Court on Defendant Old Dominion Freight Line, Inc.'s motion [14] for denial of Plaintiff Eduardo A. Saenz's motion [13] for conditional certification.

On October 11, 2018, Saenz filed his putative collective action complaint under the Fair Labor Standards Act ("FLSA"). On October 13, he filed a motion [4] for conditional certification.

On October 16, the case was reassigned to this Court and on October 17, the Court issued its order regarding FLSA actions.

On October 26, Saenz filed his first amended complaint.

On October 30, Old Dominion filed a motion [10] for an order denying Saenz's conditional certification as premature and moot, based in part on Saenz's failure to file his statement of claim.[1]

On November 1, Saenz filed his statement of claim.

On November 5, Saenz filed an amended motion for conditional certification. On November 8, Old Dominion filed what it styled as an "emergency" motion for denial of Saenz's motion.

Old Dominion contends that Saenz's motion is premature for several reasons: (1) it is premature under the Court's order regarding FLSA actions; (2) it violates the Local Rules; and (3) it may be mooted based on Old Dominion's pending partial motion [17] to dismiss.

---

[1] Saenz's original motion [4] for conditional certification and Old Dominion's original motion [10] for an order denying that motion are denied as moot.

Old Dominion's motion fails. The Court's FLSA order does not limit a plaintiff to filing his motion for conditional certification after a particular time.

Local Rule 7.1(A)(2), on which Old Dominion relies, provides that motions for which deadlines are not otherwise set "must be filed within thirty (30) days after the beginning of discovery unless the filing party has obtained prior permission of the court to file later." This provides a deadline for such motions, but does not provide an opening window. Contrary to Old Dominion's argument, the rule does not prohibit pre-discovery motions.

Finally, although Old Dominion has filed a partial motion to dismiss, this does not "moot" the motion for conditional certification. The cases on which Old Dominion relies all involved situations in which an amended complaint had been filed. In such situations, the original complaints, to which the original motions for conditional certification had been directed, were superseded, mooting the original motions.

In this situation, the Court has not ruled on the motion to dismiss. Therefore, whether the current complaint will be superseded is not

certain. However, the Court will allow Old Dominion to respond to the motion for conditional certification within fourteen days of the Court's order on its motion to dismiss.[2]

For the foregoing reasons, Old Dominion's emergency motion [14] for denial of Saenz's motion for conditional certification is denied.

IT IS SO ORDERED this 18th day of December, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[2] Old Dominion also seeks further relief, such as an order prohibiting Saenz from "undertak[ing] any efforts related to the motion [for conditional certification] or its subject matter that would cause Defendant or this Court to expend further resources" and its attorneys' fees related to the motion for conditional certification. This relief is denied.