IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:18-cv-4718-TCB |

# O R D E R

This case comes before the Court on Defendant Old Dominion Freight Line, Inc.'s partial motion [17] to dismiss Plaintiff Eduardo Saenz's amended complaint.

## I. Background

Saenz has filed a putative collective action complaint under the Fair Labor Standards Act ("FLSA"), along with a motion for conditional certification. His proposed collective-action class would consist of

himself along with similarly situated individuals who "currently work or have worked for Defendant on or after the date that is three years preceding the filing of this action on October 11, 2018." [8] ¶ 29.

Saenz's three-year time frame is based on his allegation that Old Dominion willfully violated the FLSA. Without a willful violation, the statute of limitations is two years. 29 U.S.C. § 255(a). Old Dominion moves to dismiss the allegation of willfulness, contending that it is conclusory and insufficient to state a claim.

## II. Discussion

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir. 2012).

Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678.

Under the FLSA, a willful violation occurs when an employer "either knew that its conduct was prohibited by the [FLSA] or showed reckless disregard about whether it was." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1280 (11th Cir. 2008) (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162–63 (11th Cir. 2008)). "Reckless disregard" is defined as the "failure to make adequate

inquiry into whether conduct is in compliance with the" FLSA. 5 C.F.R. § 551.104.

Initially, the parties dispute whether Saenz or Old Dominion has the burden to demonstrate willfulness. Old Dominion argues that Saenz has the burden to allege substantive factual allegations to support a plausible inference of willfulness. *See Morgan*, 551 F.3d at 1280. Saenz, relying on *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018), argues that Old Dominion bears the burden to raise the issue at the pleadings stage because willfulness relates to the statute-of-limitations defense, not the elements of his claim.

The Court is more persuaded by the Eleventh Circuit authority Old Dominion cites. However, even assuming Saenz does have the burden to plead willfulness, the Court finds that he has done so.

Old Dominion argues that his only reference to willfulness is that "Defendant willfully disregarded its obligation under the FLSA." [8] ¶ 50. However, Saenz's amended complaint actually pleads more than this.

Saenz pleads that he and the collective class performed non-FLSA-exempt work; Old Dominion knew that they worked more than forty hours per week; Old Dominion paid overtime only for hours worked in excess of sixty hours per week; he and the collective class members complained about Old Dominion's failure to pay overtime for hours worked in excess of forty hours per week; several members of the class complained to management about the failure to pay overtime; and management responded to the complaints by blaming the corporate office and saying, "that's just how it is." [8].

The Court finds that, at this stage, Saenz's allegations suffice to plead willfulness, distinguishing this case from those cited by Old Dominion. In the cases to which Old Dominion points, the plaintiff really did plead only a single conclusory statement of willfulness with no factual support. Here, Saenz has pleaded facts to support his contention that Old Dominion willfully disregarded its obligations under the FLSA.

### III. Conclusion

For the foregoing reasons, Old Dominion's partial motion [17] to dismiss Saenz's amended complaint is denied. Old Dominion is ordered to respond to Saenz's motion for conditional certification within fourteen days.

IT IS SO ORDERED this 2d day of January, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge