IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself and others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE<br><br>NUMBER 1:18-cv-4718-TCB |

# O R D E R

This case comes before the Court on Plaintiff Eduardo Saenz's motion [13] for conditional certification of a collective action and issuance of Court-approved notice, along with Defendant Old Dominion Freight Line, Inc.'s motion [47] to strike portions of Saenz's reply brief.

## I.   Background

This is an action for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

On October 11, 2018, Saenz filed his putative collective action complaint. On October 13, he filed a motion for conditional certification.

On October 16, the case was reassigned to the undersigned, and on October 17 the Court issued its standing order regarding FLSA actions.

On October 26, Saenz filed his first amended complaint.

On October 30, Old Dominion filed a motion for an order denying Saenz's conditional certification as premature and moot, based in part on Saenz's failure to file a statement of claim as required by the Court's standing order.

On November 1, Saenz filed his statement of claim.

On November 5, Saenz filed an amended motion for conditional certification. On November 8, Old Dominion filed what it styled as an "emergency" motion for denial of Saenz's motion, which the Court denied.

On November 15, Old Dominion filed a partial motion to dismiss Saenz's amended complaint. The Court allowed Old Dominion to respond to Saenz's motion for conditional certification within fourteen

days of an order on the motion to dismiss. On January 2, 2019, the Court denied the motion to dismiss.

Saenz has filed a motion for conditional certification of a collective action and issuance of Court-approved notice. In his original motion, Saenz stated that the class he sought to represent included the following:

> all individuals who: (1) worked for Old Dominion at any time during the period between October 11, 2015 and the pendency of this action (the "Relevant Time Period"); (2) were primarily engaged in moving trailers to designated loading and unloading sites on Old Dominion's premises, including (but not limited to) those individuals who were given the job titles of "switcher," "yard switcher," "hostler," or "yard jockey"; (3) worked more than 40 hours in any week during the Relevant Time Period; and (4) were not paid overtime (i.e., time and one-half their regular hourly rate of pay) for all hours worked over 40 in a week.

[13] at 1–2.

In his reply brief, Saenz has amended his proposed class definition. He states that he seeks to represent the following class:

> All individuals who: (1) worked for Old Dominion at any time during the period between October 11, 2015 and the pendency of this action ("the Relevant Time Period"); (2) worked full time in the job title of Switcher; (3) were primarily engaged in moving trailers to designated loading and unloading sites on Old Dominion's premises; (4) never

3

moved trailers or drove trucks on public highways; (5) worked more than 40 hours in any workweek during the Relevant Time Period; and (6) were not paid the overtime premium (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

[44] at 2.

This is modified from the original proposed class definition to clarify and narrow the proposed class to only those who worked full-time in a "Switcher" role. Old Dominion opposes the motion for conditional certification and has moved to strike Saenz's reply brief because it attempts to amend the proposed class definition and introduce additional evidence.

## II. Motion to Strike

Initially, the Court will deal with Old Dominion's motion to strike portions of Saenz's reply brief. Old Dominion objects to Saenz's narrowed class definition along with various evidence attached to the brief.

The Court points out that a motion to strike is governed by Federal Rule of Civil Procedure 12(f) and applies only to matters contained in a "pleading," which Rule 7(a) defines narrowly. A motion

for conditional certification, a reply brief, or a declaration submitted with either is not a pleading. *See* FED. R. CIV. P. 7(a) (narrowly defining "pleadings"); *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013). The proper method to challenge such evidence is to file a notice of objection. *See Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). Accordingly, the Court will deny Old Dominion's motion [47] to strike.

The Court will, however, consider the objections raised if and when the challenged material becomes relevant to Saenz's motion for conditional certification. *Chavez*, 966 F. Supp. 2d at 1344 (also denying motion to strike but indicating the Court would "consider the parties' arguments in support of their motions to strike as objections to the exhibits at issue and discuss where relevant").

Initially, however, the Court will address the revised class definition, which necessarily is relevant to the motion for conditional certification. Specifically, Old Dominion contends that Saenz has significantly altered his proposed class definition in reply. The Court is not persuaded by Old Dominion's argument. In reality, Saenz has

5

slightly narrowed the class to include only those employees who worked full-time as a switcher and never moved trailers or drove trucks on public highways. The Court does not deem this improper. *See Conant v. McCaffrey*, 172 F.R.D. 681, 683 (N.D. Cal. 1997).

The Court will also address Old Dominion's general challenge to Saenz including new evidence with his reply brief. Specifically, although the Court agrees that new evidence submitted with a reply brief usually is improper, such evidence is permissible when it is submitted only to respond to the opponent's argument made in a response brief. *See Lecraw v. Antique Wine Co. (Franchising)*, No. 1:14-cv-1149-RWS, 2015 WL 1277001, at *4 (N.D. Ga. Mar. 19, 2015). Here, the declarations and other evidence were submitted to counter Old Dominion's arguments. Therefore, the Court will not exclude the evidence on this basis.

In the alternative, Old Dominion seeks leave to file a surreply to Saenz's reply brief. However, its motion to strike (in combination with its reply brief in support of that motion) was, in essence, a surreply brief, and the Court finds it has more than enough to decide the motion

for conditional certification without inviting what likely would turn into yet another round of contested briefing. Therefore, Old Dominion's request is denied. *See ValuJet Airlines, Inc. v. Trans World Airlines, Inc.*, No. 1:95-cv-2986-GET, 1996 WL 557851, at *2 (N.D. Ga. July 12, 1996) (declining to permit surreply brief when court was "satisfied that facts and issues pertinent" had "been fully and adequately presented") (citing *Larsen Co. v. Consol. Mktg. Co.*, 148 F.R.D. 664, 665 (N.D. Ga. 1993)).

## III. Motion for Conditional Certification

In a § 216(b) action, the district court has discretion to certify a collective action and facilitate notice to potential opt-in plaintiffs.[1] The Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." *Morgan*, 551 F.3d at 1260. The first stage is the "notice stage" or the conditional certification stage. *Id.* "[T]he importance of certification, at the initial stage, is that it authorizes either the parties,

---

[1] Unlike class actions under Rule 23, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

7

or the court itself, to facilitate notice of the action to similarly situated employees." *Id.* at 1259. Once the district court conditionally certifies a class, the "putative class members are given notice and the opportunity to 'opt-in,'" and "[t]he action proceeds as a representative action throughout discovery." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

"The second stage is triggered by an employer's motion for decertification," and it takes place when the court "has a much thicker record than it had at the notice stage . . . ." *Morgan*, 551 F.3d at 1261. Courts apply a more lenient standard at the initial "notice stage" because that decision is "usually based only on the pleadings and any affidavits which have been submitted . . . ." *Hipp*, 252 F.3d at 1218 (quoting *Mooney*, 54 F.3d at 1213–14). Once an employer has moved for decertification, courts apply a less lenient standard. *Morgan*, 551 F.3d at 1261.

Analysis at the first stage of certification contemplates two questions: (1) whether there are other employees who wish to opt-in to the action, and (2) whether those employees are "similarly situated" with respect to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). A plaintiff must offer "detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406 (D.N.J. 1988)).

Although the plaintiff bears the burden of proof for this factual showing, the burden is not a heavy one and has been described by the Eleventh Circuit as "'not particularly stringent,' 'fairly lenient,' 'flexib[le],' 'not heavy,' and 'less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).'" *Morgan*, 551 F.3d at 1261 (alteration in original) (citations in original) (first quoting *Hipp*, 252 F.3d at 1214; then quoting *id.* at 1218; then quoting *id.* at 1219; then quoting *Grayson*, 79 F.3d at 1097; then quoting *id.* at 1096). "The district court's broad discretion at the notice stage is thus constrained,

to some extent, by the leniency of the standard for the exercise of that discretion." *Id.*

Saenz does, however, have the burden of demonstrating a reasonable basis for believing that other individuals exist in the class he proposes, and he must bring forth more than "unsupported assertions that FLSA violations [are] widespread . . . ." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

### A.     Other Employees Who Wish to Join

Although the Eleventh Circuit has outlined a lenient standard in analyzing motions for class certification, district courts have differed in their application of this standard. In *Dybach*, the Eleventh Circuit contemplated that before facilitating notice a "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." 942 F.2d at 1567–68. Some district courts have rejected motions that have included less than a handful of affidavits from similarly situated plaintiffs wanting to join

the action, where others have conditionally certified the class with evidence of only one other plaintiff seeking to join.[2]

Here, in addition to that of the named Plaintiff, one opt-in individual filed a declaration with the motion for conditional certification. During and following briefing, eight additional individuals filed consent forms to join the action, and seven of these have provided declarations.

Although the number of opt-ins is relatively low, the Court finds that, at this stage, Saenz has met his burden to demonstrate that other employees wish to join.

---

[2] *Compare Patel v. Wal-Mart Stores, Inc.*, No. 2:08-cv-337-MEF, 2009 WL 1759568, at *2 (M.D. Ala. June 19, 2009) (denying conditional collective action certification in case where plaintiff only demonstrated that three individuals wished to join the action), *and Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (denying certification after discovery when the three plaintiffs had not "carried their burden of demonstrating that other plaintiffs exist who desire to opt-in"), *with Beck v. Desoto Health & Rehab, LLC*, No. 2:06-cv-226-FtM-99DNF, 2007 WL 201097, at *2–3 (M.D. Fla. Jan. 24, 2007) (granting certification with affidavits from two additional plaintiffs), *and Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (granting conditional certification where one other similarly situated plaintiff filed an affidavit affirming that he had personally observed other laborers facing similar wage treatment).

There is no numeric or percentage threshold at conditional certification. *See, e.g.*, *Jewell v. Aaron's, Inc.*, No. 1:12-cv-0563-AT, 2012 WL 2477039, at *8 (N.D. Ga. June 28, 2012) (conditionally certifying class despite argument that plaintiffs only represented .05% of the putative class).

Saenz has met the requirement at this stage to offer "detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson*, 79 F.3d at 1097 (quoting *Sperling*, 118 F.R.D. at 406). Having concluded that Saenz has demonstrated that other employees wish to join the action, the Court next will analyze whether they are similarly situated to Saenz.

### B.   Similarly Situated

Neither § 216(b) nor its implementing regulations define the term "similarly situated," but courts have identified a number of factors that can be considered when determining whether other employees are similarly situated to the plaintiff in an FLSA action. These include (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether they were

12

subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (4) the extent to which the actions that constitute the violations claimed by plaintiffs are similar. *See, e.g.*, *Dybach*, 942 F.2d at 1567–68 (directing district court to consider similarities in job requirements and pay provisions); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 880 (E.D. La. 2008) (considering whether plaintiffs were victims of a common unlawful policy or practice); *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) (considering similarities in pay provisions and primary duties of employees); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1235 (M.D. Ala. 2003) (considering similarity of conditions for employees in locations other than plaintiff's location). "Plaintiffs must only demonstrate that their positions are similar, not identical, to the positions of the potential class plaintiffs." *Vondriska*, 564 F. Supp. 2d at 1335. However, a showing of similarity requires more than unsupported and generalized allegations. *Hipp*, 252 F.3d at 1219.

Here, the declarations and evidence demonstrate that Saenz and the other employees who seek to join the action shared the same job title ("Switcher") and seek relief for the same alleged FLSA violation (i.e., that they were not exempt from FLSA overtime requirements, were paid on an hourly basis, but were not paid overtime for hours worked up to sixty hours per week when they worked more than forty hours per week).

Although the parties dispute whether Switchers performed similar job duties at various locations, the Court finds, based on the declarations of Saenz and opt-ins and the Old Dominion job descriptions posted online regarding six service centers across the country (including California, Colorado, Pennsylvania, Texas, and Wisconsin),[3] that Saenz has met his light burden at this stage to demonstrate that they did.

---

[3] Although Old Dominion objects to the Court's consideration of the online job postings, the Court finds that the postings are admissible based on the relaxed evidentiary standard applying at this stage and the fact that the posts can be reduced to admissible form at trial through the testimony of individuals with personal knowledge of what the postings are. FED. R. EVID. 901(b)(1). Importantly, although Old Dominion attacks the consideration of the postings, it does not argue that the postings are not what Saenz contends they are.

Saenz has provided detailed declarations from eight opt-ins (along with that from Saenz) who state that they were subjected to FLSA violations regarding failure to pay overtime. These opt-ins worked in various states including Georgia, Pennsylvania, Nebraska, and Colorado. Old Dominion has not provided a case, and the Court is aware of none, denying conditional certification under these facts. The Court finds that this also weighs in favor of conditional certification.

Old Dominion also argues, essentially, that the class would not be manageable. However, this argument is more appropriate at the decertification stage. *See Morgan*, 551 F.3d at 1261.

Finally, to the extent Old Dominion argues that the Court may not have personal jurisdiction over collective-action members residing outside Georgia, the Court does not agree. *See Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1365 (N.D. Ga. 2018) (holding that individual members of a plaintiff class other than named representatives do not need to satisfy the "minimum contacts" test for personal jurisdiction to be appropriate over them).

### C. Notice

In its opposition to Saenz's motion, Old Dominion requests that if the Court grants Saenz's motion, it be permitted time to confer about Saenz's proposed notice. The Court agrees. The parties are instructed to confer in good faith and endeavor to jointly submit a proposed notice within twenty-one days. If the parties are unable to reach an agreement, Old Dominion shall file any objections within twenty-eight days of the date of this Order.

## III. Conclusion

For the foregoing reasons, Saenz's motion [13] for conditional certification is granted in part. Plaintiffs' claims are conditionally certified as a collective action representing all individuals who: (1) worked for Old Dominion at any time during the period between October 11, 2015 and the pendency of this action ("the Relevant Time Period"); (2) worked full-time in the job title of Switcher; (3) were primarily engaged in moving trailers to designated loading and unloading sites on Old Dominion's premises; (4) never moved trailers or drove trucks on public highways; (5) worked more than 40 hours in any

workweek during the Relevant Time Period; and (6) were not paid the overtime premium (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

The parties are instructed to confer in good faith and endeavor to jointly submit a proposed notice within twenty-one days. If the parties are unable to reach an agreement, then Old Dominion shall file any objections to Saenz's proposed notice within twenty-eight days of the date of this Order.

IT IS SO ORDERED this 7th day of June, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge