IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, *on behalf of himself and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> OLD DOMINION FREIGHT LINE, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-04718-JPB |

## JOINT MOTION FOR APPROVAL OF NOTICE OF LAWSUIT FORM AND DISTRIBUTION METHOD

The parties were unable to reach agreement on the language and distribution method for the Notice of Lawsuit to putative FLSA collective members. Accordingly, on June 28, 2019, Plaintiff submitted his proposed Notice of Lawsuit. (ECF No. 76-1.)[1] This joint motion outlines each of the disputed issues and provides Defendant's and Plaintiff's positions to each issue. The parties respectfully request that the Court rule on each area of dispute.

**(1)** **Explanation of the Contingency Fee Arrangement.**

---

[1] Plaintiff resubmits his proposed Notice of Lawsuit with one minor modification to the relevant time period as Exhibit A. The Relevant Time Period should be October 11, 2015 through December 31, 2018, instead of through the pendency of this action.

1

Old Dominion's Objection: Plaintiff's inclusion of information about the fee arrangement that might exist between a putative collective member and his or her lawyer is unnecessary and inappropriate. The eventual business arrangement negotiated between one client and counsel should have nothing to do with the distribution of collective action notice and the decision of whether another individual putative collective action member should exercise the right to file or join a lawsuit under the FLSA. Collective action notice was never intended to be a mass marketing exercise for law firms striving to build a revenue model by waiving upfront costs for potential clients. Rather, putative collective members should opt in to a lawsuit based upon the allegations of a suit, not to join a "risk free" lawsuit. *See Dekeyser v. ThyssenKrupp Waupaca, Inc.*, 2008 WL 5263750, at *5 (E.D. Wis. Dec. 18, 2008) (holding that notice was essentially a retainer agreement and providing: "As I see no reason why such a provision designating counsel should be included in a notice under sec. 216(b) in the first place, I will order it removed.")

Plaintiff's Response: The Notice of Lawsuit sent to the putative FLSA Collective should include language regarding Plaintiff's Counsel's contingency fee arrangement. First, court-authorized notices routinely include similar language. *See, e.g.*, *Florence v. Deli Mgmt., Inc.*, No. 1:18-cv-4303-SCJ, 2019 WL 964316 (N.D. Ga. Jan. 10, 2019); Order, *Littlefield v. Legacy Flooring LW, LLC*, Case No. 2:18-cv-025350MSN-cgc (W.D. Tenn. Mar. 5, 2019) (granting court-authorized

notice with contingency fee arrangement language); *Miller v. FleetCor Tech. Op. Co.*, No. 1:13-CV-02403-SCJ, 2014 WL 12543337 (N.D. Ga. Apr. 8, 2014) (same). This is because one of the most frequently asked questions from an individual considering whether to file or join a lawsuit is: "Do I have to pay anything?" This information is necessary for the putative collective member to make an informed decision about whether to join or not join the case. Second, there is simply no prejudice to Defendant in informing putative collective members about something that aids them in the decision-making process and is factually accurate, i.e., that Plaintiffs' counsel is handling the case on a contingency fee basis.

**(2) Notice Period Length.**

Old Dominion's Objection: A notice period of 45 days, rather than the 60 days that Plaintiff proposes, is sufficient to allow Plaintiff to distribute notice and for recipients of that notice to exercise their right to opt into this litigation, should they wish to join the lawsuit. *See Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 417 (D.N.J. 1988) (45 days), aff'd on other grounds, 862 F.2d 439 (3d Cir. 1988), aff'd 493 U.S. 165 (1989); *Baden-Winterwood v. Life Time Fitness,* 2006 WL 2225825, at *3 (S.D. Ohio Aug. 2, 2006) (noting that "60 days is too long and would needlessly delay the litigation"); *Carmody v. Florida Ctr. For Recovery, Inc.,* 2006 WL 3666964, at *4 (S.D. Fla. Nov. 8, 2006) (45 days); *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1318 (M.D. Ala. 2002) (45 days); *Torres v. CSK Auto, Inc.*, 2003

U.S. Dist. LEXIS 25092 (W.D. Tex. 2003) (45 days).  Further, Plaintiff filed this case on October 11, 2018, has submitted opt-in consent forms for 12 people, presumably having undertaken some measures of informal notice during the interim.[2]  Having clearly notified numerous putative collective members of the litigation and the possibility that they might join in his cause, Plaintiff's request for 60 more days is excessive.  Forty-five days should be sufficient to allow putative collective members to receive notice, complete the simple forms necessary to opt-in, return them to Plaintiff's counsel, and permit Plaintiff's counsel ample time to file them.

Plaintiff's Response: The FLSA notice period should be 60 days.  Courts have recognized that a shorter notice period risks spawning more litigation or motion practice to assert claims of untimely plaintiffs. *See, e.g. Davenport v. Charter Commc'ns., LLC*, No. 12-00007, 2014 WL 12799427 (E.D. Mo. Oct. 17, 2014) (Doc. 298) (permitting twenty-five untimely consents to join in case with 60-day notice period). Avoiding unnecessary motion practice and preserving judicial resources to allow the case to maintain a path toward adjudication of the merits justify a 60-day notice period.

---

[2] Old Dominion is in possession of multiple letters sent by Plaintiff's counsel to putative collective members after Plaintiff filed this lawsuit and before the Court ruled on his motion for conditional certification, each seeking the recipient's involvement in the case.  Because this is a joint submission, Old Dominion has not attached the letters as an exhibit.  It would submit them upon this Court's request.

Additionally, 60-day opt-in periods, or longer, have been approved repeatedly by this District and other courts within this Circuit, often over defendants' requests to limit opt-in periods to 45 days. *See, e.g.*, *Florence v. Deli Mgmt., Inc.*, No. 1:18-cv-4303-SCJ, 2019 WL 964316, at *4 (N.D. Ga. Jan. 10, 2019) (approving 85-day opt-in period); *Sellers v. Sage Software, Inc.*, No. 1:17-CV-03614-ELR, 2018 WL 5631106, at *17 (N.D. Ga. May 25, 2018) (noting that a 60-day notice period is typical within the Northern District of Georgia); *Murphy v. Ajinomoto Windsor, Inc.*, No. 1:15-120, 2017 WL 1194455, at *5 (E.D Mo. Mar. 30, 2017) (approving 90-day opt-in period where defendant contended that a 45-day period was more appropriate); *Emily v. Raineri Constr., LLC*, No. 4:15CV282 RLW, 2015 WL 7429993, at *5 (E.D. Mo. Nov. 20, 2015) (approving 60-day opt-in period "where Defendants are a local, not a national company"); *Miller v. FleetCor Tech. Op. Co.*, No. 1:13-CV-02403-SCJ, 2014 WL 12543337, at *10 (N.D. Ga. Apr. 8, 2014) (approving 85-day opt-in period); *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *3 (N.D. Ga. Aug. 14, 2013) (approving a 60-day opt-in period despite the defendant's objections on the grounds that a "60-day opt-in period[] is consistent in all material respects with notices that have been approved in other cases" with the Northern District of Georgia) (citations omitted)); *Alexander v. CYDCOR, Inc.*, No. 1:11-CV-015780SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012) (approving 60-day opt-in period); *Simmons v. Enterprise*

*Hldgs., Inc.*, No. 4:10-625, 2011 WL 855669 (E.D. Mo. Mar. 24, 2011) (Doc. 50) (finding class notice shall include 90-day opt-in period).

Finally, the fact that 12 people joined this case prior to court-authorized notice should not shorten the notice period from 60 to 45 days, as Defendant suggests. First, it would be unfair to punish the putative collective with a shortened notice period simply because Plaintiff met his burden of showing that others desired to opt-in, as Defendant argued and this Court agreed Plaintiff had to do in order to prevail on a motion for conditional certification. (*See* ECF No. 71 at 10 (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). Second, courts across the country have found that such informal advertisement letters are permissible unless the letters contradict a court notice, is misleading, or improper. *See, e.g.*, *Heibel v. U.S. Bank Nat'l Ass'n*, 2012 WL 4463771, at *6 (S.D. Ohio Sept. 27, 2012); *see also Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008). This is because lawyer advertising is constitutionally protected commercial speech. *Shapero v. Ky. Bar Ass'n*, 486 U.S. 466, 472 (1988) (citing *Bates v. State Bar of Ariz.*, 433 U.S. 350 (1977)). Plaintiff's advertisement letters—sent to a tiny fraction of the putative collective—provides no justification for an abbreviated notice period for the entire collective.

    **(3)**     **Manner of Notice Distribution.**

Old Dominion's Objection: Plaintiff should distribute notice via U.S. mail only. Plaintiff's proposed distribution manner is excessive, inappropriately intrusive and goes far beyond the well-established requirements for providing potential class members with "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). It is well established that first-class mail is an adequate means, and indeed the preferred method, of providing potential class members with "accurate and timely notice concerning the pendency of the collective action." *Hoffmann-La Roche*, *Inc.,* 493 U.S. at 170; *see also Dillow v. Home Care Network, Inc.,* 2017 WL 2418738, at *6 (S.D. Ohio June 5, 2017) (noting that "Courts generally approve only a single method for notification, unless there is a reason to believe that method is ineffective" and ordering Notice be sent via first-class mail only).

Further, Plaintiff's request to send notice by email and text message should be denied. As a threshold matter, Old Dominion does not require employees to provide it personal email addresses. To the extent Old Dominion has email addresses for certain employees, using that information for purposes of sending notice is improper and unnecessary. As the court explained in *Reab v. Electronic Arts, Inc.*, when ordering notice by U.S. Mail only:

> [E]lectronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages

7

> could be forwarded to nonclass members and posted to internet sites with great ease. First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process.

214 F.R.D. 630, 631 (D. Colo. 2002). Judge Kollar-Kotelly echoed similar concerns in *Freeman v. MedStar Health Inc.*, explaining that the court was "wary of…the attendant invasion of privacy entailed by providing email addresses to Plaintiffs' counsel," and required "Plaintiffs [to] further explain (a) what information would be included in the text of any email, to which the proposed notice and opt-in form would be attached and (b) security mechanisms to ensure that the notice itself is not compromised by virtue of distribution by email." 187 F. Supp. 3d 19, 33 (D.D.C. 2016); *see also*, *Vinsant v. MyExperian, Inc.*, 2018 WL 3313023, at *6 (W.D. Ark. 2018) (rejecting request to distribute notice via email, finding "plaintiffs have presented no circumstances indicating an unusual amount of difficulty in locating the putative members"); *Olsen v. Clay Cty., Arkansas*, 2018 WL 6004660, at *2 (E.D. Ark. 2018) (holding plaintiff's "request to send notice by email and text messages and to send reminder notices by email and text messages is denied without prejudice to avoid redundant notice and any conduct that could be interpreted as an endorsement of the lawsuit"); *Teramura v. Walgreen Co.*, 2013 WL 12171862, at *4 (W.D. Ark. 2013) ("The Court sees no reason why distribution of the Notice by first-class mail would be insufficient. Therefore, it will deny plaintiffs' request to communicate with potential plaintiffs by telephone, email, or website.").

Further courts frequently restrict notice to U.S. Mail only and hold that notice via text message intrudes on individual privacy. *See, e.g., McCoy v. RP, Inc.*, 2015 WL 6157306, at *5 (D.S.C. 2015) (denying request for text message notice); *Stickle v. SCI Mkt. Support Ctr., LP*, 2009 WL 3241790, at *7 (D. Ariz. 2009) ("[S]upplying the attorneys in this case with the phone numbers of thousands of Defendants' current and former employees seems like a needless intrusion into the privacy of these individuals and their families."). Production of phone numbers also raises concerns about inconsistent and potentially improper telephonic communications about the notice between potential opt-ins and Plaintiffs' counsel or others. *See Alderoty v. Maxim Healthcare Servs., Inc.*, 2015 WL 5675527, at *14 (D. Md. 2015) (denying request for phone numbers and noting that "telephone notification runs the risk that certain Notice Recipients will receive information about the case that differs in some way from the contents of the Notice"); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575, fn.17 (D. Md. April 10, 2012) (denying request for phone numbers where plaintiffs did not show "special need" for the information). As such, the Court should limit to notice to U.S. Mail only.

Plaintiff's Response: The Notice of Lawsuit should be distributed via U.S. mail, email, and text message.[3] To advance the remedial purposes of the FLSA, notice must be disseminated in a way that "increas[es] the likelihood that all potential

---

[3] Plaintiff submits proposed language for text message notice as Exhibit B.

opt-in plaintiffs will receive" it. *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1198 (D. Minn. 2015). This is because any delay in locating putative collective members "runs the risk of creating statute-of-limitations issues for potential opt-in plaintiffs." *Florence v. Deli Mgmt., Inc.*, No. 1:18-cv-4303-SCJ, 2019 WL 964316, at *4 (N.D. Ga. Jan. 10, 2019) (permitting notice via U.S. mail and email). For this reason, "[c]ourts have frequently required the dissemination of notice in several forms to ensure that potential plaintiffs receive notice in a timely and efficient matter." *Id.* Alternative dissemination to U.S. mail is routinely approved even where mail notification may be effective. *See Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114, 129 (S.D.N.Y. 2014) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (citation omitted)).

This court and others regularly adopt the three forms of notice Plaintiffs propose. *See Reichert v. Hoover Foods, Inc.*, No. 1:16-cv-4575-WSD, 2017 WL 5591275, at *6 (N.D. Ga. Nov. 21, 2017) (permitting email notice); *Miller v. FleetCor Tech. Op. Co.*, No. 1:13-CV-02403-SCJ, 2014 WL 12543337, at *7 (N.D. Ga. Apr. 8, 2014) (permitting email notice); *Alexander v. CYDCOR, Inc.*, No. 1:11-CV-01578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012) (permitting email notice); *see also Miller v. MV Transport., Inc.*, No. 1:18-CV-538-RP, 2019 WL 2366467, at *1 (W.D. Tex. June 4, 2019) (permitting text message notice);

*MacDonald v. Covenant Testing Tech., LLC*, No. 18-cv-02290-NRN, 2019 WL 1755282, at *7 (D. Colo. Apr. 18, 2019) (permitting text message notice); *Kidwell v. Ruby IV, LLC*, No. 18-2052, 2019 WL 219850, at *6 (E.D. La. Jan. 16, 2019) (permitting text message notice); *Florence*, 2019 WL 964316, at *4 (permitting email notice).

These three forms should be adopted here.

**(4)    Issuance of a Reminder Notice.**

Old Dominion's Objection: Plaintiff also asks this Court to approve another communication to potential opt-ins through the sending of a "reminder notice." Old Dominion objects to this request because Plaintiff has not demonstrated any reason for sending yet another form of notice to putative collective members. Like sending notice via email and text message, allowing for an additional mailing would only unnecessarily pressure and harass individuals who already may have made an affirmative decision not to join this case, and could be incorrectly construed by potential opt-ins as judicial endorsement of the merits of this case. The reminder notice that Plaintiff proposes is simply a device intended to stir up -- through persistence if not harassment -- more interest in the litigation, which again has been pending for 271 days with no attempts by any party to obscure its existence.

As the Supreme Court has instructed, however, "[i]n facilitating notice, the Court must avoid communicating to absent class members any encouragement to

11

join the suit or any approval of the suit on its merits." *Hoffmann-La Roche, Inc.*, 493 U.S. at 168-69. For this reason, federal courts routinely deny requests to send reminder notices. *See, e.g., Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033, at *3 (W.D. Wis. 2010) ("the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit"); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 753-54 (N.D. Ill. 2010) ("[A] reminder is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit.") (internal quotation marks omitted); *Knispel v. Chrysler Group LLC*, 2012 WL 553722, at *8 (E.D. Mich. 2012) ("[R]eminder notice is unnecessary. The purpose of the notice is to inform potential opt-in Plaintiffs of their rights. Once they receive that information, it is their responsibility to act as they see fit.") (internal quotation omitted); *Hardesty v. Kroger Co.*, 2016 WL 3906236, at *2 (S.D. Ohio 2016) (denying reminder; "Courts should be hesitant to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of [the] claims.")  Accordingly, this Court should deny Plaintiff's request to send a reminder notice.

Plaintiff's Response: The Court should also approve a reminder notice be sent twenty-one (21) days prior to the end of the notice period.[4]  Because U.S. Mail and

---

[4] Plaintiff submits a proposed reminder notice as Exhibit C.

email at times do not reach the ultimate intended recipient, a reminder notice ensures that the notice to the putative collective members achieves it maximum potential reach. In these cases, it is inevitable that many individuals will not open or receive the notice the first time it is sent or will lose it or throw it away. A reminder notice gives them another opportunity to join if they choose to do so. If they do not want to join, they can simply disregard it. This Court and others around the country have authorized use of reminder notices for FLSA actions such as this one. *See Florence v. Deli Mgmt., Inc.*, No. 1:18-cv-4303-SCJ, 2019 WL 964316, at *4 (N.D. Ga. Jan. 10, 2019); *Miller v. FleetCor Tech. Op. Co.*, No. 1:13-CV-02403-SCJ, 2014 WL 12543337, at *7 (N.D. Ga. Apr. 8, 2014); *Kidd v. Mathis Tire & Auto Serv., Inc.*, No. 2:14-cv-02298-JPM-dkv, 2014 WL 4923004, at *3 (W.D. Tenn. Sept. 18, 2014) ("In order for the FLSA to serve its remedial function, putative class members must actually become aware of their right to opt in."); *Rhodes v. Truman Med. Ctr., Inc.*, No. 4:13-CV-00990-NKL, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014); *McKeen-Chaplin v. Provident Sav. Bank*, No. 2:12-cv-03035-GEB-JFM, 2013 WL 4056285, at *8 (E.D. Cal. Aug. 12, 2013) (permitting reminder notice and noting "numerous courts" in the Ninth Circuit have approved them); *Collado v. J. & G. Transp., Inc.*, No. 14-80467-CIV, 2014 WL 5390569, at *6 (S.D. Fla. Oct. 23, 2014) ("[Reminder notice] will ensure that putative class members are aware of their rights and the time within which to exercise those rights."); *Holliday v. J S Exp. Inc.*, No.

4:12CV01732 ERW, 2013 WL 2395333, at *9 (E.D. Mo. May 30, 2013); *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate"); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2012 WL 2428219, at *7 (N.D. Cal. June 26, 2012) (allowing reminder postcard to be sent to potential plaintiffs 30 days before the deadline for opting in to the action").

This Court should authorize a reminder notice here as well.

Respectfully submitted this the 9th day of July, 2019.

| **NICHOLS KASTER, PLLP** | **SEYFARTH SHAW, LLP** |
|---|---|
| /s/Rachhana T. Srey | /s/ Brett C. Bartlett |
| Rachhana T. Srey* | Brett C. Bartlett |
| Minnesota Bar No. 0340133 | Georgia Bar No. 040510 |
| srey@nka.com | bbartlett@seyfarth.com |
| Caroline E. Bressman* | Katherine M. Smallwood |
| Minnesota Bar No. 0400013 | Georgia Bar No. 68979 |
| cbressman@nka.com | ksmallwood@seyfarth.com |
| 80 S. 8th Street | Ariel D. Fenster |
| Minneapolis, MN 55402 | Georgia Bar No. 420858 |
| T: (612) 256-3200 | afenster@seyfarth.com |
| F: (612) 215-6870 | 1075 Peachtree St., N.E., Ste. 2500 |
| *Admitted pro hac vice | Atlanta, GA 30309-3958 |
|  | T: (404) 885-1500 |
| **SMITH LAW, LLC** | F: (404) 892-7056 |
| /s/ Louise N. Smith | Counsel for Defendant |
| Louise N. Smith |  |
| Georgia Bar No. 131876 |  |
| louise@smithlaw-llc.com |  |

William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615

Attorneys for Named Plaintiff
and the Collective Class

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2019, I electronically filed Plaintiff's Notice of Proposed Notice of Lawsuit with the Clerk of Court using the CM/ECF system.

                                  By:   /s/Rachhana T. Srey
                                                  Rachhana T. Srey