UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Case No. 1:18-cv-04718-JPB<br>) |
| OLD DOMINION FREIGHT LINE, INC., | )<br>)<br>)<br>) |
| Defendant | ) |

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S**
**MOTION REQUESTING COURT TO SET BRIEFING SCHEDULE**

Defendant Old Dominion Freight Line, Inc., ("Old Dominion") files this motion requesting that the Court set a briefing schedule for Defendant's Motion to Dismiss Various Out-of-State Opt-In Plaintiffs for Want of Jurisdiction. Alternatively, Defendant requests that its plan to file this dismissal motion and a timeline for doing so be added to the topics that the parties will discuss in conference with this Court, on a date to be determined, if they are unable to settle at their January 31, 2020, mediation. In support of this instant motion, Defendant shows the following:

Plaintiff filed this putative Fair Labor Standards Act collective action on October 11, 2018, and filed his First Amended Complaint on October 26, 2018. (ECF 1, 8). In the interim, Plaintiff filed a motion on October 13, 2018, asking the Court to conditionally certify an FLSA collective action. (ECF 4). Plaintiff later amended that motion on November 5, 2018. (ECF 13).

Defendant timely filed its opposition to Plaintiff's conditional certification motion on January 28, 2019, after the Court delayed Defendant's responsive deadline pending its ruling on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF 43). The Court denied Defendant's dismissal motion on January 2, 2019, and Defendant answered Plaintiff's First Amended Complaint on January 16, 2019. (ECF 36, 40). Plaintiff filed his reply in support of conditional certification on February 11, 2019, thus completing the parties' briefing on conditional collective action certification. (ECF 44).

By then, only Plaintiff and three opt-in plaintiffs had joined the case, and all lived and worked in Georgia. (ECF 43, p. 4). Notwithstanding that fact, Plaintiff had sought this Court's order conditionally certifying a collective action comprising current and former employees who had worked for Defendant at any location across the country, many of whom had neither lived nor worked for Defendant in Georgia during the time period pertinent to the litigation, if ever. (ECF 4, 43).

Defendant opposed Plaintiff's conditional certification motion on various grounds, focusing in no small part on the argument that a single Plaintiff and three opt-in plaintiffs who worked for Defendant solely in Georgia could not justify a nationwide collective action.  (ECF 43, p. 4).  Among its arguments, Defendant wrote the following in its opposition: "Further, there is a serious question concerning this Court's authority to exercise personal jurisdiction over putative collective action members who reside outside of Georgia.  The U.S. Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty*, suggests the answer is that it cannot."  (ECF 43, p. 22).

When Defendant wrote this, there were no party plaintiffs -- opt-in or otherwise -- who had joined the case from outside of Georgia.  An argument that the Court had no jurisdiction over unnamed, unidentified opt-in plaintiffs from outside the state was not ripe at the time.  It was foreseeable, however, and thus Defendant couched its concern as it did, rather than as an argument for anticipatory dismissal of a theoretical opt-in plaintiff who might later join the case.

On June 7, 2019, this Court granted Plaintiff's motion for conditional certification. (ECF 71).  Within its order granting the motion, the Court responded succinctly to Defendant's jurisdictional concern, noting that, "to the extent [Defendant] argues that the Court may not have personal jurisdiction over collective-

action members residing outside Georgia, the Court does not agree." *Id.* at p. 15 (internal citation and parenthetical omitted).

Pursuant to this Court's order granting conditional certification, Plaintiff distributed notice to putative collective action members. The time for those members to opt in has now expired. Many of them neither lived nor worked in Georgia during the time period relevant to this litigation. The question of whether this Court should exercise jurisdiction over Defendant with respect to these out-of-state opt-in plaintiffs has now ripened.

It is possible that the Court will ultimately determine that, in fact, it can exercise the jurisdiction that Defendant will argue it cannot. As the issue has ripened, however, the precedent supporting Defendant's position has grown and crystallized. A number of cases from around the country recognize that *Bristol-Myers Squibb* applies to FLSA collective actions, where each opt-in plaintiff maintains the rights and obligations of a party plaintiff, *see Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) (an opt-in's party-plaintiff status comes with "the same status in relation to the claims of the lawsuit" as a named plaintiff), but not to absent, unidentified members of Rule 23 class actions.[1] That said, this motion

---

[1] *See, e.g.*, *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 59-60 (D. Mass. 2018) (holding that FLSA opt-in plaintiffs must establish personal jurisdiction and distinguishing collective actions from Rule 23 classes); *Maclin v. Reliable*

is not the place for Defendant to argue why that precedent compels a finding that the exercise of jurisdiction is not justified. Defendant requests, instead, that this Court exercise its authority to manage this litigation by setting a timeline for Defendant to file a motion to dismiss the out-of-state opt-in plaintiffs, in which it will make those arguments.

Accordingly, Defendant asks that the Court set a motion and briefing schedule along the following lines:

**Deadline for Defendant to File Motion to Dismiss of Out of State Opt-In Plaintiffs:  20 days after a failed mediation**

**Deadline for Plaintiff's Response:  21 days thereafter**

**Deadline for Defendant's Reply:  14 days thereafter**

Alternatively, because the parties anticipate that they will appear before this Court for a planning conference after a failed January mediation, Defendant requests that the subject of its planned dismissal motion, and the schedule for its briefing, be added to the Court's agenda for that conference.

---

*Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850-51 (N.D. Ohio 2018) (same); *Pettenato v. Beacon Health Options, Inc.*, No. 19-cv-1646, 2019 WL 5587335, at *9 (S.D.N.Y. Oct. 25, 2019) (same); *Chavira v. OS Restaurant Sers., LLC*, 2019 WL 4769101, at *4 (D. Mass. Sept. 30, 2019) (same).

Respectfully submitted,

OLD DOMINION FREIGHT LINE, INC.

By: <u>/s/ *Brett C. Bartlett*</u>
    Brett C. Bartlett
    Georgia Bar No. 040510
    bbartlett@seyfarth.com
    Ariel D. Fenster
    Georgia Bar No. 420858
    afenster@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone: (404) 885-1500
    Facsimile:  (404) 892-7056

    Counsel for Defendant

Date:  January 6, 2020

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDUARDO A. SAENZ, on behalf of himself And all others similarly situated, ) ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Case No. 1:18-cv-04718-JPB |
| OLD DOMINION FREIGHT LINE, INC., ) ) ) ) | |
| Defendant ) | |

## CERTIFICATE OF SERVICE

I certify that on January 6, 2020, I filed **DEFENDANT'S MOTION TO REQUEST COURT TO SET BRIEFING SCHEDULE** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorneys of record:

Louise N. Smith  
William Julian Smith, III  
Smith Law, LLC  
3611 Braselton Highway, Suite 202  
Dacula, Georgia 30019  

Rachanna T. Srey  
Nichols Kaster, PLLP  
80 S. 8th Street  
Minneapolis, Minnesota 55402  

/s/ *Brett C. Bartlett*  
Counsel for Defendant