# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EDUARDO A. SAENZ, *on behalf of himself and all others similarly situated,*

Plaintiffs,                                    Civil Action No.1:18-cv-04718-JPB

v.

OLD DOMINION FREIGHT LINE, INC.,

Defendant.

## DECLARATION OF RACHHANA T. SREY IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL

I, Rachhana T. Srey, hereby declare:

1.      I am an attorney at the law firm of Nichols Kaster, PLLP, in Minneapolis, Minnesota. I am one of the attorneys representing Plaintiffs and submit this declaration in support of the parties' joint motion for settlement approval. I have personal knowledge of the facts set forth in this Declaration and if called as a witness for this purpose, I could and would testify competently under oath to them.

2.      Plaintiffs' counsel sent notice of lawsuit via U.S. mail and email on October 3, 2019 and sent a reminder notice on November 12, 2019. 129 Plaintiffs joined this case.

3.      Sixteen (16) of the 129 Plaintiffs who joined this action have claims outside of the applicable statutory period.  Therefore, only 113 Plaintiffs are included in this settlement class.

4.      Prior to mediation, Defendant provided Plaintiffs' Counsel with time and pay data in order to further settlement discussions.  On January 29, 2019, the Parties engaged in mediation under the Court's order with A. Lee Parks, Jr., an experienced third-party neutral.

5.      Defendant provided Plaintiffs' Counsel with weekly payroll data for the Opt-in Plaintiffs.  Plaintiffs' damages model considered a three-year statutory period based on the date each Plaintiff opted into this action. Plaintiffs' Counsel calculated each individual's hourly rate per week by dividing his/her total hours by the total pay. If the Plaintiff's total hours were over 60, an hourly rate was determined assuming any hours over 60 were paid at time-and-a-half.  Plaintiffs calculated damages through December 27, 2018 because it is the last full workweek before the collective definition ends. Finally, to the extent that a Plaintiff performed exempt driving work during a workweek, that workweek was excluded.  To calculate each Plaintiff's weekly unpaid overtime hours, Plaintiffs tallied each individual Plaintiff's weekly hours worked between 40 and 60 in each workweek.  The amount of weekly overtime wages owed to that Plaintiff was then calculated by multiplying the hours tally by one-half (0.5) the hourly rate. This was done for every workweek in which

that Plaintiff worked as a Switcher (through December 27, 2018); then all those

figures were summed to arrive at the total amount of overtime wages owed for that

Plaintiff. Wage loss figures were then multiplied by two to calculate that Plaintiff's

liquidated overtime damages. Once the total wage loss figures were determined for

each Plaintiff, each Plaintiff was allocated his/her *pro rata* share of the settlement

funds. Plaintiffs' Counsel also calculated state law damages for Opt-in Plaintiffs who

performed work in states with additional state law remedies beyond what is available

under the FLSA.

6.      The settlement notice period ended on April 23, 2020. No Plaintiffs rejected

their settlement offer by providing a written notice of rejection to Plaintiffs' Counsel.

7.      Plaintiffs' Counsel is a qualified firm with extensive experience in class action

and wage and hour litigation.  The Nichols Kaster Firm ("Nichols Kaster") has been

in existence for over thirty years and is focused on advocating for employee and

consumer rights. Nichols Kaster has represented thousands of employees in

hundreds of cases and was recently named the Employment Rights Firm of the year

for 2019 by the National Trial Lawyers/National Law Journal.

8.      The service award appropriately compensates Named Plaintiff Saenz for his

time and effort protecting the interests of the collective and contributing to the

litigation. Named Plaintiff Saenz contributed to the case by initiating the litigation,

providing documents and information related to the claims, responding to Plaintiffs'

Counsel's questions, providing a declaration in support of conditional certification, and attending an all-day mediation. The Named Plaintiff's efforts were integral to developing the theory of the case and providing information throughout the litigation and at mediation, which benefitted the collective in securing this fair and reasonable settlement.

9.      In addition to the Named Plaintiff's efforts in the litigation, the requested service award is also reasonable given the size of the collective's recovery.  The award does not significantly reduce the amount of settlement funds available to the remaining Plaintiffs and only represents approximately 0.3% of the allocated funds to the Settling Plaintiffs.

10.     Moreover, the Notice distributed to Plaintiffs specified the dollar amount that Plaintiffs' Counsel would be seeking in its request for attorneys' fees and costs, and no Plaintiff objected.

11.     In addition to the attorneys' fees, Plaintiffs' Counsel also seeks $5,000.00 as reimbursement for out-of-pocket costs incurred in litigation expenses, which counsel advanced with the risk of no recovery.

12.     True and correct copies of the following exhibits are attached hereto:

            Exhibit A:    Settlement Agreement;

            Exhibit B:    Notice of Settlement;

Exhibit C:    Summary of Counsel's Fees (Nichols Kaster PLLP and Smith Law, LLC);

Exhibit D:   Summary of Counsel's Costs (Nichols Kaster PLLP and Smith Law, LLC) and

Exhibit E:    Nichols Kaster, PLLP Firm Resume.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 7, 2020

/s/Rachhana T. Srey
Rachhana T. Srey